THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY MCCARTHY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC. and AUDIBLE, INC.,

Defendants.

Case No.: 2:23-cv-01019-BJR

**DEFENDANTS AMAZON.COM, INC. AND AUDIBLE, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

ORAL ARGUMENT REQUESTED



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

# TABLE OF CONTENTS


Page

INTRODUCTION ..... 1

BACKGROUND ..... 2

A. Plaintiff and Her Claims. ..... 2

B. The Original Complaint and The Court's Order to Amend. ..... 2

C. The FAC Pivots to A New (But Also Unsustainable) Theory of Liability. ..... 3

ARGUMENT ..... 4

A. Plaintiff Fails to State Any Claim. ..... 4

1. Plaintiff's GBL Claims Are Untimely. ..... 5

2. Plaintiff Fails to Allege Essential Elements of Her GBL Claims. ..... 6

a. Plaintiff Fails to Allege a Misleading Statement or Practice. ..... 7

b. Plaintiff Does Not Allege Causation. ..... 10

B. Plaintiff's Unjust Enrichment Claim Is Duplicative and Fails with Her GBL Claims. ..... 11

C. Plaintiff Lacks Standing to Seek Injunctive Relief. ..... 12

CONCLUSION ..... 12

# INTRODUCTION

Plaintiff Tracy McCarthy is a long-time member of Amazon Prime, a popular service that provides free shipping from Amazon.com and other benefits, since 2011. In her First Amended Complaint (Dkt. 19, "FAC"), Plaintiff alleges that she was enrolled in an Audible subscription when she redeemed a "credit" on Amazon's website. Based on that dubious premise, Plaintiff asserts claims for violations of Sections 349 and 350 of New York's General Business Law ("GBL"), and for unjust enrichment, against Defendants.

As an initial matter, Plaintiff's claims are time-barred as Plaintiff waited more than three years after she allegedly suffered harm, in November 2018, to file her claims (in April 2022). The FAC also fails to allege a plausible theory of liability for either deceptive practices or false advertising under the GBL, relying instead on conclusory allegations. Plaintiff alleges that Amazon did not "clearly and conspicuously" inform her that she would be enrolled in an Audible membership when she used a "credit" to purchase an Audible audiobook on Amazon.com. But the FAC omits any information about the "credit"—including how it was added to her account, the enrollment process for obtaining it, or the disclosures and statements presented in that process. The fact that Plaintiff already had an Audible credit is consistent with the now-abandoned theory of her original Complaint that an allegedly misleading advertisement prompted her to sign up for Audible *intentionally* to receive free credits. Plaintiff has now reworked her original theory to plead that she was "unaware" of her Audible enrollment, without alleging facts to support this pivot or to establish an actionable GBL violation. Indeed, Plaintiff does not identify *a single* misrepresentation or actionable omission. Without this information, the Court cannot reasonably infer that the "credit" enrollment or redemption process was somehow deceptive. Her duplicative unjust enrichment claim also fails with her GBL claims. And finally, Plaintiff lacks standing to seek injunctive relief, as she faces no risk of future harm.

For these reasons and others discussed below, the Court should dismiss the FAC with prejudice.

## BACKGROUND

### A. Plaintiff and Her Claims.

Plaintiff Tracy McCarthy alleges that she has been a member of Amazon's Prime service since February 2011. FAC ¶ 36. She further alleges that Defendants somehow enrolled her in Audible "[o]n or about October 13, 2018" without her consent, when she completed a transaction on Amazon's website. *Id.* ¶¶ 37-40. She claims to have paid Amazon a total of $598 in monthly Audible membership fees *for years*, between November 2018 and March 2022. *Id.* ¶¶ 43-45, 51. She seeks to represent a class of "[a]ll persons in New York who were enrolled in an Audible membership through Amazon and who were charged for, but did not use, Audible's membership services from March 20, 2008 to the date of judgment." *Id.* ¶ 61. The FAC asserts claims for deceptive practices and false advertising under Sections 349 and 350 of the GBL, and for unjust enrichment under unspecified law. *Id.* ¶¶ 72-88.[1]

### B. The Original Complaint and The Court's Order to Amend.

In her original Complaint filed in the Eastern District of New York, Plaintiff claimed that she had chosen to enroll in Audible based on a belief that, as an Amazon Prime member, her membership in Audible would be free. She contended that Amazon misrepresented unlimited "Free Titles at Audible" as one of its Prime membership benefits, and that the phrase was false and misleading because Amazon charges "a monthly, recurring fee" for Audible. Dkt. 1 ("Compl.") ¶¶ 3-5. She further alleged that "Plaintiff and other Class Members have been injured ***inasmuch as they relied upon the free representations***." *Id.* ¶ 50 (emphasis added). When asked by the court to clarify whether Plaintiff could "allege that she saw these statements and that she

[1] Defendants' Conditions of Use require litigation of all disputes in King County, Washington. After Defendants moved for transfer, Plaintiff stipulated to transfer to this Court on June 30, 2023. Dkts. 31-32.

acted on them," Plaintiff's counsel responded that, "[y]es, she can" and "[w]e think we have made those allegations." *See* Declaration of Brian Buckley ("Buckley Decl."), Ex. 3 at 5:20-25. Thus, Plaintiff's counsel confirmed that she *intentionally* enrolled in Audible *after* seeing an allegedly misleading advertisement by Amazon claiming that the Audible service was free.

The problem with that theory was that the statement in question said no such thing. The original Complaint incorporated a link to an Amazon Prime benefits page that provided context for that phrase "Free Titles at Audible," making clear that it was not the least bit misleading. The full statement read "Free Titles at Audible: Prime members are invited to start an Audible Premium Plus trial with 2 credits that can be used on any titles." *See* Buckley Decl. ¶¶ 3-4 & Ex. 1; Compl. ¶¶ 2-3. When customers clicked on the hyperlinked "Free Titles at Audible" statement, they were led to a separate Audible webpage stating that Amazon Prime members get two free titles as part of a *trial*, and providing monthly pricing information. Buckley Decl. ¶ 4 (emphasis added). Thus, Amazon truthfully stated that Prime members can get *two* free credits for *two* titles on Audible as part of a *trial*—not that the Audible service *itself* was free.

On September 7, 2022, the parties participated in a pre-motion conference, during which the court directed Plaintiff to amend her complaint if the parties could not reach settlement at a mediation conference. *See* Minute Entry dated Sept. 7, 2022. On March 8, 2023, the parties mediated but did not resolve the matter. *See* Dkt. 18. Plaintiff filed her FAC on March 23, 2023.

**C. The FAC Pivots to A New (But Also Unsustainable) Theory of Liability.**

The FAC jettisons Plaintiff's fundamentally flawed "Free Titles at Audible" theory in favor of entirely new (and contradictory) allegations. Plaintiff now alleges that she was enrolled in Audible not when she *signed up* to get free credits, but when she *redeemed* a free credit to purchase

an audiobook on Amazon's website.[2] FAC ¶¶ 4, 37-38. Conspicuously absent from the FAC, however, are any facts explaining how Plaintiff received an Audible credit in the first place, what sign-up process she used to get it, and what disclosures and notices she received. Of course, the fact that Plaintiff already had an Audible credit in her account is consistent with the theory of her original Complaint, and her counsel's admission, that the "Free Titles" advertisement prompted her to sign up for Audible intentionally to receive free credits.

Plaintiff now skips over all of that, alleging only that she was not "clearly and conspicuously informed" of her Audible enrollment. But she avoids saying what disclosures Amazon and Audible made, or why in her view they were insufficiently clear and conspicuous. *Id.* ¶¶ 37-39. Plaintiff's silence speaks volumes: she *does not* allege that Amazon did not make any disclosures, instead alleging that "[s]he did not notice or read any" such disclosures. *Id.* And though Plaintiff alleges that Defendants misrepresented how the "credit" works, she fails to identify a single statement by either Amazon or Audible about the "credit." *Id.* ¶¶ 49-50. In short, the FAC relies on labels and conclusions, while selectively omitting key facts.

## ARGUMENT

### A. Plaintiff Fails to State Any Claim.

The Court should dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim. To survive a motion to dismiss, a complaint must allege facts sufficient to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a

---

[2] Plaintiff purports to justify this abrupt pivot by falsely contending that Amazon scrubbed the "free titles" language from its website "[a]fter the commencement of this litigation" (FAC ¶ 3). In fact, the same statement currently remains on Amazon's website. Buckley Decl. ¶ 4 & Ex. 2.

claim. *Id.*; *Bettys v. Warner*, No. 14-CV-5040, 2014 WL 3767126, at *1 (W.D. Wash. July 31, 2014) (Rothstein, J.) (same). The FAC relies on a collection of unsupported labels and conclusions, and therefore falls short of this test.

**1. Plaintiff's GBL Claims Are Untimely.**

As a threshold matter, Plaintiff's GBL claims are time-barred. A three-year statute of limitations applies to claims asserting violations of Sections 349 and 350 of the GBL. *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452 (E.D.N.Y. 2007); *Kyszenia v. Ricoh USA, Inc*., 583 F. Supp. 3d 350, 361 (E.D.N.Y. 2022). And "a claimant's cause of action accrues upon injury by the deceptive act or practice," "when all of the factual circumstances necessary to establish a right of action have occurred." *Gristede's*, 532 F. Supp. 2d at 453 (citation omitted); *see also SpeedFit LLC v. LifeCore Fitness, Inc.*, No. 22-CV-3140, 2023 WL 199595, at *4 (S.D.N.Y. Jan. 17, 2023). Plaintiff alleges that Defendants deceptively enrolled her in Audible "on or about October 13, 2018" and began charging her "$14.95 per month starting on November 13, 2018." FAC ¶¶ 37, 41. Thus, all the alleged factual circumstances necessary to her claim—a deceptive practice and resulting injury—occurred by November 13, 2018, *more than three years* before she filed her original complaint on April 26, 2022. Dkt. 1. Plaintiff's GBL claims are therefore untimely.

Trying to escape this fatal defect in her claims, Plaintiff alleges that the statute of limitations was equitably tolled by Defendants' fraudulent concealment of the facts giving rise to her claim. FAC ¶¶ 58-60. To plead equitable tolling of the statute of limitations for GBL claims under New York law, plaintiffs must allege "(1) wrongful concealment by defendant; (2) which prevented plaintiff[s'] discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *Int'l Bhd. of Teamsters Loc. 456 Health & Welfare Tr. Fund v. Quest Diagnostics Inc.*, No. 10-CV-1692, 2012 WL 13202126, at *10

(E.D.N.Y. Apr. 19, 2012); *Kyszenia*, 583 F. Supp. 3d at 361; *cf.*, *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (under California law, plaintiff "must plead facts showing that [the defendant] affirmatively misled it, and that [the plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts."). Plaintiff must allege these elements *with particularity*, as this type of equitable tolling is subject to Rule 9(b)'s heightened pleading standard. *Teamsters*, 2012 WL 13202126, at *10-11; *Kyszenia*, 583 F. Supp. 3d at 361; *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 662 (9th Cir. 1999) (applying 9(b) standard to allegations of equitable tolling).

Despite this burden, Plaintiff alleges *no* specific facts about *how* Defendants prevented her from discovering her claims. FAC ¶¶ 58-60. In fact, her allegations establish that she *failed to exercise reasonable diligence*. Indeed, she alleges that the unexplained Amazon charges for Audible appeared on "[s]tatements for [customers'] cards and/or bank accounts," but does not allege that she ever followed up about what these charges represented or why they were invoiced to her. FAC ¶ 51; *see Malek v. AXA Equitable Life Ins. Co.*, No. 20-CV-04885, 2023 WL 2682408, at *3, 9 (E.D.N.Y. March 29, 2023) (finding no equitable tolling where allegedly concealed charges were summarized in annual statements provided to plaintiff). Thus, Plaintiff falls short of adequately pleading fraudulent concealment that could have tolled the statute of limitations, and she cannot dodge the fact that her GBL claims are time-barred.

**2. Plaintiff Fails to Allege Essential Elements of Her GBL Claims.**

Plaintiff's conclusory and threadbare allegations are insufficient to establish a violation of Section 349 (deceptive practices) or 350 (false advertising) of the GBL. To state a claim under either of those provisions, Plaintiff must allege that, "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Chung v. Igloo Prods Corp.*, No. 20-CV-4926, 2022 WL 2657350, at *7 (E.D.N.Y. July 8,

2022) (quoting *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021)). A misleading practice is "a representation or an omission" that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Nick's Garage, Inc. v. Prog. Casualty Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (citation omitted); *cf.*, *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) ("'[T]he reasonable consumer standing requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"). Plaintiff does not plausibly allege any misleading practice or false advertising, nor does she sufficiently allege causation.

**a. Plaintiff Fails to Allege a Misleading Statement or Practice.**

Plaintiff's conclusory allegations that redeeming a "credit" somehow triggered her enrollment in Audible falls short of plausibly alleging any liability under the GBL. Federal Rule 8(a) requires, at the pleading stage, "allegations plausibly suggesting (not merely consistent with)" the plaintiff's theory of liability. *Twombly*, 550 U.S. at 557. Plaintiff's allegations must "nudge[] [her] claims across the line from conceivable to plausible." *Id.* at 570. They fail to do so.

Plaintiff hinges her claims on the use of a "credit," but she fails to allege facts plausibly showing that the credit acquisition or redemption process was misleading or deceptive. Indeed, she says nothing about why she had a free credit, the steps she took to get it, or what disclosures or conditions accompanied it.

These omissions are telling. The FAC relies on a screenshot showing a customer redeeming Audible credits that are in the customer's account, indicating that the customer is *already enrolled* in Audible. FAC ¶ 38. That would make sense under the theory of Plaintiff's original complaint: that the "free titles" advertisement led her to sign up for Audible. Inconveniently for Plaintiff, however, that theory collided with the fact that when signing up to receive free credits, customers receive disclosures about the monthly charges they will incur unless

they cancel. Rather than grapple with those facts, the FAC simply glosses over them. Plaintiff alleges only that she was not "clearly and conspicuously informed" that she was enrolling in Audible. The FAC thus artfully avoids saying what disclosures Amazon and Audible made, or why (in Plaintiff's view) they were insufficiently clear and conspicuous. *Id.* ¶¶ 37-39.

Nor does Plaintiff allege that any false statements somehow convinced her to accept or use the credit. Indeed, despite asserting a false advertising claim, Plaintiff does not identify a single advertisement or representation by Defendants, let alone a *mis*representation. She asserts that Defendants "made misleading statements and material omissions concerning 'credits'" redeemable for purchases on Amazon's website (FAC ¶ 82), without alleging anything about *what* Defendants said about those credits. Plaintiff cannot plausibly allege an actionable misrepresentation under the GBL without identifying a specific statement and providing the relevant context. *See Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial."); *Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28, 32 (2d Cir. 2017) (plaintiffs failed to state a GBL claim because they "point[ed] to no affirmative statement made by [defendants] pertaining to advertising, much less a *deceptive* statement."); *Moore*, 4 F.4th at 882 (affirming dismissal of deceptive advertising claim under various state consumer protection laws including Section 350 of the GBL, and noting that "deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used.").

Plaintiff also alleges that the "credit" she used to purchase an audiobook on Amazon's website was "not actually" a "credit" (FAC ¶ 50), but again alleges no facts supporting this vague and conclusory statement. She does not, for example, allege that that she was unable to redeem her "credit" or that the audiobook she purchased with the "credit" was not as advertised. *Id.* ¶ 37-

40. Additionally, the FAC dedicates several paragraphs to quoting online "complaints" about Audible charges, but not one of them mentions the use of "credits"—much less misrepresentations related to such "credits." FAC ¶¶ 20-34.[3] In short, Plaintiff fails to allege any misrepresentation giving rise to her GBL claims.

Nor does Plaintiff allege an actionable omission. To state an omission-based GBL claim, "it is not sufficient for a plaintiff to point solely to the omission"—Plaintiff must further allege "that the information omitted was solely within the defendant's 'possession or that a consumer could not reasonably obtain such information.'" *Dimond v. Darden Restaurants, Inc.*, No. 13 Civ. 5244, 2014 WL 3377105, at *13 (S.D.N.Y. July 9, 2014) (citation omitted); *see also Kyszenia*, 583 F. Supp. 3d at 360. Plaintiff alleges that Defendants omitted information about how she would be enrolled in Audible, but she fails to allege facts showing that Defendants *withheld* information about the conditions governing the credit or Audible enrollment. As noted above, the FAC says *nothing* about the credit, the enrollment process, or Defendants' disclosures. Rather, Plaintiff alleges that she "did not notice or read any" disclosures (FAC ¶ 39)—a far cry from alleging that Defendants failed to make them.

By omitting and obscuring all information about how she got the credit in the first place, and what representations Defendants made, Plaintiff makes it impossible for Defendants or the Court to discern *what* exactly she alleges was deceptive about the process. Plaintiff's counsel has been admonished for similarly alleging that advertisements were misleading, all the while omitting context and failing to mention the "multiple disclaimers and explanatory language" that "closely accompanied" those advertisements. *See Fink*, 714 F.3d at 741 n.2. The *Fink* Court observed that "[p]laintiffs' failure to address—much less explain—the gaping hole in their submission is

[3] Plaintiffs who seek to serve as class representatives must allege and ultimately prove that they personally have been injured, "not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

conspicuous." *Id.* at 741. Yet Plaintiff follows the same playbook here, trying to squeak past the pleading stage by withholding *any* facts about Defendants' statements or disclosures. The Court should see through this tactic and dismiss the claim.

**b. Plaintiff Does Not Allege Causation.**

Plaintiff also fails to allege causation of injury, whether from a misrepresentation or an omission. Plaintiff must allege "facts illustrating a causal connection" between the alleged misleading practice and her purported injury. *Oden v. Boston Scientific Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018) (cleaned up). To establish causation from a misrepresentation, Plaintiff must allege that she "saw the misrepresentations *prior* to h[er] purchase." *Lin v. Canada Goose US, Inc.*, No. 21 Civ. 7614, 2022 WL 16926312, at *5 (S.D.N.Y. Nov. 14, 2022) (emphasis added); *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020) (same); *Quintana v. B. Braun Med. Inc.*, No. 17-cv-6614, 2018 WL 3559091, at *10 (S.D.N.Y. July 24, 2018) (no causation where "allegations d[id] not suggest [p]laintiff ever saw these statements and under what circumstances."). Plaintiff fails to identify a single statement by Defendants, much less allege that she saw a misrepresentation *before* her enrollment in Audible. FAC ¶¶ 37-40.

Likewise, Plaintiff does not sufficiently allege causation from an omission. Plaintiff alleges that Amazon's website did not provide her "clear[] and conspicuous[]" information about the use of her "credit." *Id.* ¶ 37. But she fails to allege, as she must, *how* the disclosures on Amazon's website were inadequate and caused her injury. *See, e.g.*, *Abraham v. Am. Home Mortg. Serv., Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013) ("[U]nder GBL § 349, each Plaintiff must individually plead that the disclosures he or she received were inadequate, misleading, or false, and that she was injured as a result of the insufficient or false disclosures."). In fact, Plaintiff alleges that she "did not notice or read" any disclosures—which establishes that any omissions or deficiencies in those disclosures could not possibly have caused her injury. FAC ¶ 39. As the

court found in an analogous case under California law, a plaintiff cannot plead causation of injury by an enrollment process that she alleges never to have been aware of or used. *See Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132, 1140 (S.D. Cal. 2021) ("If [p]laintiff did not knowingly enroll in *Beyond+*, the Court cannot reasonably infer that the required disclosures would have altered the outcome."); *see also Arnold v. Hearst Magazine Media, Inc.*, No. 19-cv-1969, 2020 WL 3469367, at *7 (S.D. Cal. June 25, 2020) (rejecting consumer protection claims premised on membership renewal where plaintiff failed to allege how defendant's disclosures were deficient).

In sum, Plaintiff's vague allegations—which do not identify any misrepresentation or allege how Defendants' disclosures were inadequate—fail to establish causation.

### B. Plaintiff's Unjust Enrichment Claim Is Duplicative and Fails with Her GBL Claims.

Plaintiff's unjust enrichment claim, to which the FAC devotes just two sentences (*see* FAC ¶ 88), is entirely duplicative of her GBL claims and fails for the same reasons. Courts routinely dismiss unjust enrichment claims that are tacked on to deficient GBL claims. *See, e.g.*, *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 587-88 (S.D.N.Y. 2021) (dismissing unjust enrichment claim that "is premised on the same theory of misrepresentation this Court has rejected, and is pleaded in a single sentence."); *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (dismissing GBL claims for same reason); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591-92 (S.D.N.Y. 2021); *see also Stitt v. Citibank, N.A.*, 748 Fed. Appx. 99, 102-03 (9th Cir. 2018) (dismissing unjust enrichment claim as duplicative of deficient fraud claims). And "[w]here a deceptive trade practices claim fails for failure to allege deception"—as is the case here—"an unjust enrichment claim fails, too." *Cosgrove*, 520 F. Supp. 3d at 587. Plaintiff's throwaway unjust enrichment claim suffers from the same defects, and should meet the same fate, as her GBL claims.

**C. Plaintiff Lacks Standing to Seek Injunctive Relief.**

Finally, the Court should also dismiss Plaintiff's claims for injunctive relief (*see* FAC ¶¶ 78, 86) for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1). Plaintiff lacks Article III standing to seek injunctive relief (*see id.* ¶¶ 78, 86), as her own allegations establish that she faces no risk of future harm.

To seek injunctive relief, Plaintiff must plausibly allege "an imminent or actual threat of future harm caused by" the conduct that allegedly violates consumer protection statutes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018). The alleged threat of future injury must rise above the "conjectural or hypothetical" level. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Beldock v. Microsoft Corp.*, No. C22-1082JLR, 2023 WL 1798171, at *5 (W.D. Wash. Feb. 7, 2023) (dismissing claim for injunctive relief where plaintiffs failed to plausibly allege risk of future injury). Here, Plaintiff faces no risk of future harm because she has already cancelled her allegedly "unwanted" and "unused" Audible membership, and she fails to allege *any* factual basis for future injury. FAC ¶¶ 43-44. The Court should therefore dismiss Plaintiff's claims for injunctive relief for this independent reason.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the FAC with prejudice, as Plaintiff has now twice proposed self-defeating theories of liability that fail to establish misleading practices by Defendants. *See, e.g.*, *Heskiaoff*, 719 F. App'x at 32 (affirming dismissal of GBL claim with prejudice where plaintiff could not point to a deceptive act or omission); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (denying leave to amend where plaintiffs could not "state what additional facts they would plead if given leave to amend.")

Pursuant to the Court's Standing Order, the parties conferred regarding whether Defendants' motion could be avoided. As Plaintiff has no viable cause of action and further

amendment cannot cure the defects in the FAC, the parties were unable to reach a compromise short of voluntary dismissal.

Dated: July 31, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: /s/ *Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Molly Melcher (*pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mmelcher@fenwick.com

Charles E. Moulins (*pro hac vice*)
cmoulins@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: 415.875.2300
Facsimile: 650.938.5200
Email: cmoulins@fenwick.com

Esther D. Galan (*pro hac vice*)
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310.554.5400
Email: egalan@fenwick.com

*Attorneys for Defendants Amazon.com, Inc. and Audible, Inc.*

**LCR 7(E) AND 7(G) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rules 7(e) and 7(g), I certify that this memorandum contains 4,065 words.

Dated: July 31, 2023

FENWICK & WEST LLP

By: *<u>/s/ Brian D. Buckley</u>*
Brian D. Buckley, WSBA No. 26423