The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY MCCARTHY, individually and on behalf of all others similar situated,

Plaintiff,

v.

AMAZON.COM, INC. and AUDIBLE, INC.,

Defendants.

NO. 2:23-cv-01019-BJR

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

ORAL ARUGMENT REQUESTED

Plaintiff Tracy McCarthy ("Plaintiff"), by and through under undersigned counsel, respectfully submits this memorandum of law in opposition to the motion (the "Motion") by defendants Amazon, Inc. and Audible, Inc. ("Defendants") to dismiss her First Amended Class Action Complaint, ECF No. 19, (the "FAC").

## INTRODUCTION

Amazon tricks its existing customers into paying for an Audible membership by providing "credits" as a so-called "benefit" of being a Prime member. When Prime members redeem those "credits" for an audio version of a book they wish to purchase, Defendants are unknowingly enroll them into Audible's membership services for a monthly fee without any clear and conspicuous notice of such enrollment.

On or about October 13, 2018, Plaintiff saw and relied upon Amazon's offer of using "credits," which she received as a Prime member, to purchase an audiobook on Amazon's website.




Plaintiff selected the audio version of the book, using her "credits," and she was charged $0.00. However, Defendants did not clearly and conspicuously inform her that when she used "credits" to purchase that audiobook, she would be automatically enrolled in a membership to Audible, a wholly owned subsidiary of Amazon. After the 30-day trial period, Defendants charged Plaintiff $14.95 per month starting on November 13, 2018 and continuing every month thereafter until March 17, 2022 for a total of $598.00. Plaintiff, on behalf of herself and a class of New York consumers, brought claims under New York law pursuant to General Business Law ("GBL") §§ 349 and 350 and for unjust enrichment.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Defendants attempt to manufacture a pleading failure by ignoring huge swaths of the operative FAC and by improperly asking this Court to consider the inoperative, initial complaint in this case. *Askins v. U.S. Dept. of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018) ("After amendment the original pleading no longer performs any function and is treated thereafter as non-existent.") (citation omitted). Indeed, the entirety of the supporting declaration submitted on Defendants' Motion relates to the original complaint filed in this action and the allegations contained therein. *See* Declaration of Brian D. Buckley, ECF No. 46-1; *see also* Motion at 2-3. In her FAC—the operative pleading before this Court—Plaintiff provided particularized factual allegations, including specifically what was misleading as well as the causal connection between the misleading statements and her purported injury, FAC at ¶¶ 47–57, which Defendants simply ignore.

Again ignoring the allegations in the FAC, Defendants claim that Plaintiff's GBL claims are time-barred because she waited more than three years to file her original complaint in April 2022. Not so. The FAC pleaded exactly how both Amazon and Audible actively concealed material information regarding the enrollment of Amazon Prime customers into an unwanted, unauthorized, and unused Audible membership such that the GBL's statute of limitations was tolled. Moreover, Plaintiff's unjust enrichment claim is not duplicative of her GBL claims because that claim has different elements and different remedies. Finally, with respect to Plaintiff's standing for injunctive relief, Defendants again ignore Plaintiff's factual allegations that she and other class members are realistically threatened by a repetition of harm again in the future in a similar way.

Defendants' Motion should be denied in its entirety.

## BACKGROUND

Plaintiff is a citizen of Holbrook, New York in Suffolk County. FAC at ¶ 11. On or about February 13, 2011, Plaintiff became an Amazon Prime member. *Id.* at ¶ 36. As a Prime Member, she received at least 2 audiobook "credits" that Amazon claimed could be used on any titles. FAC at ¶ 3.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

On or about October 13, 2018, when Plaintiff attempted to purchase a book on Amazon, she was offered an "Audiobook" version of that book and was prompted to use her "credits' to purchase that audiobook. Plaintiff selected the audio version of the book, using her "credits," and she was charged $0.00. However, Amazon did not clearly and conspicuously inform her that when she used "credits" to purchase that audiobook, she would be automatically enrolled in a membership to Amazon's subsidiary, Audible. *Id.* at ¶ 37.

Plaintiff did not capture an image of the screen at the time of her prior purchases, as she did not anticipate litigation. However, upon information and belief, the screenshot below is substantially similar to Amazon's user interface when Plaintiff purchased her audiobook, albeit for a different book.




*Id.* at ¶ 38.

On the same day she used "credits" to purchase an audiobook on Amazon's website, Amazon provided Plaintiff's information to Audible who then enrolled her in a "free" trial membership. *Id.* at ¶ 40.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

After the 30-day trial period, Defendants charged Plaintiff $14.95 per month starting on November 13, 2018 and continuing every month thereafter until March 17, 2022 for a total of $598.00. They used the same credit card on file with Amazon to charge her monthly for the Audible membership. *Id.* at ¶ 41.

Defendants did not adequately inform Plaintiff that, by using "credits" on her Amazon account, she would be enrolled in an Audible membership. She did not want to be enrolled in an Audible membership. She never affirmatively authorized Audible to enroll her in an Audible membership, either as a "free" trial or as a paid subscription. She never used Audible's membership services. *Id.* at ¶ 42.

Because Defendants failed to provide clear and conspicuous notice that she had been enrolled in an Audible membership, Plaintiff was unaware that she was required to take steps to cancel the membership prior to November 13, 2018 or would be charged on a monthly basis indefinitely for the unknown, unwanted, unauthorized, and unused Audible membership. *Id.* at ¶ 43.

Plaintiff was unaware that she was enrolled in an Audible membership until March 2022, after which she immediately notified Audible and cancelled the membership. *Id.* at ¶ 44.

Had Defendants clearly and conspicuously informed Plaintiff that selecting to use "credits" would result in her being enrolled in an Audible membership, she would have either: 1) not used the "credits"; and/or 2) taken steps to cancel the Audible membership before she was charged for it. As a direct result of Defendants' actions, Plaintiff was charged a fee of $14.95 per month, for a total of $598.00. *Id.* at ¶ 45.

Amazon concealed and failed to adequately disclose its practice of enrolling Prime customers into an Audible membership. For example, Amazon customers did not receive conspicuous written materials from Amazon and/or Audible confirming enrollment or notifying them of monthly charges. Charges also were identified on credit card or bank statements as originating from Amazon, not Audible. In other instances, Amazon customers unsubscribed to



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Audible, yet continued to be charged across the various payment methods in the customers' Amazon Wallet. *Id.* at ¶ 18. There have been thousands of complaints about this deceptive practice, with many consumers claiming that they were enrolled repeatedly into Audible's subscription services without their consent or knowledge. *Id.* at ¶¶ 19–34.

## ARGUMENT

## I. PLAINTIFF PLAUSIBLY ALLEGED ALL HER CLAIMS

### A. Plaintiff Plausibly Alleged Her GBL Claims

"To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015). It is well-established that "[c]laims under GBL §§ 349 and 350 are not required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Campbell v. Whole Foods Market Grp.*, 516 F. Supp. 3d 370, 381 (S.D.N.Y. 2021) (citation omitted). Nonetheless, in her FAC, Plaintiff provided particularized factual allegations, including specifically what was misleading as well as the causal connection between the misleading statements and her purported injury, which Defendants do not address at all. *See* FAC at ¶¶ 47–57.

Plaintiff alleged the following "what" regarding Defendants' misleading practice:

> 48. **WHAT:** Amazon offered Prime members "credits" as a "benefit" for being Prime members. Amazon then offered Prime members the option to use those "credits" to purchase an audio version of a book for $0.00. However, Amazon customers can also buy an audiobook without triggering a membership to Audible if they simply purchase the book for the listed price. The manner in which the option of using "credits" or dollars to purchase an audiobook gave rise to Amazon's duty to disclose clearly and conspicuously that "credits" are not equivalent to the listed dollar amount. *See* below with relevant content circled.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992




49. Amazon failed to clearly and conspicuously inform their customers that when they use "credits" rather than dollars to purchase an audiobook, Amazon will pass along the customer's information—including payment information—to Audible and Audible will then enroll the customer into a trial membership for Audible's subscription services that automatically turns into a paid monthly membership without notice to the Amazon customer.

50. Amazon had a duty to disclose this information because it had exclusive knowledge that the so-called "credits" are not actually "credits," as reasonable consumers would understand that term.

51. Both Amazon and Audible actively concealed material information regarding the enrollment of Amazon customers into Audible's membership:

- Amazon, with whom its customers had a direct relationship, never communicated to Plaintiff or other Class members in any clear and conspicuous manner that they would be enrolled in Audible's membership when they used "credits" on their Amazon account.
- Amazon, with whom its customers had a direct relationship, never provided any clear and conspicuous information to Plaintiff and other Class members about how to cancel the Audible membership.
- The monthly charges for the Audible membership were made on cards and/or bank accounts on file with Amazon. Statements for these cards and/or bank accounts identified only Amazon as the payee and did not indicate that the charges were for Audible's monthly membership fee.
- Audible charged the cards and/or bank accounts on file with Amazon on a monthly basis without providing clear and conspicuous notice of the recurring charge and without obtaining the affirmative consent and agreement from Plaintiff and other Class members prior to charging them.

52. Because Defendants failed to adequately disclose to Plaintiff and other Class members that they would be enrolled in Audible's membership by using "credits" on their Amazon account, Plaintiff and other Class members did not take actions to cancel the unknown, unwanted, unauthorized, and unused membership in Audible. If the omitted information had been available to Plaintiff and other Class members, they would have been aware of it and behaved differently, *i.e.*, they would have either 1) not selected to use "credits"; and/or 2) taken steps to cancel the Audible membership before they were charged for it.

53. As a direct result of Defendants' misleading statements and material omissions, Plaintiff and other Class members were charged monthly fees for Audible's membership they did not know about, did not want, did not authorize, and did not use.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

FAC at ¶¶ 48–53.

The FAC's allegations directly contradict Defendants' contention that it lacks "facts explaining how Plaintiff received Audible credits in the first place, what sign-up process she used to get it, and what disclosures and notices she received," Motion at 4, and that "Plaintiff does not identify *a single* misrepresentation or actionable omission," Motion at 1 (italics in original). The FAC could not be clearer: "Amazon offered Prime members 'credits' as a 'benefit' for being Prime members. Amazon then offered Prime members the option to use those 'credits' to purchase an audio version of a book for $0.00." FAC at ¶ 48. "Amazon failed to clearly and conspicuously inform their customers that when they use 'credits' rather than dollars to purchase an audiobook, Amazon will pass along the customer's information—including payment information—to Audible and Audible will then enroll the customer into a trial membership for Audible's subscription services that automatically turns into a paid monthly membership without notice to the Amazon customer." *Id.* at ¶ 49. "As a direct result of Defendants' misleading statements and material omissions, Plaintiff and other Class members were charged monthly fees for Audible's membership they did not know about, did not want, did not authorize, and did not use." *Id.* at ¶ 53.

There is nothing "vague," Motion at 8, 11, about Plaintiff's factual allegations regarding Defendants' misleading practice and how that practice caused injury to Plaintiff and other Class members.

### B. Plaintiff Plausibly Alleged the Tolling of Her GBL Claims

As Defendants concede, "Plaintiff alleges that the statute of limitations was equitably tolled by Defendants' fraudulent concealment of the facts giving rise to her claim." Motion at 5. Again, ignoring the allegations in the FAC, Defendants claim that "Plaintiff alleges *no* specific facts about *how* Defendants prevented her from discovering her claims." Motion at 6 (italics in original). In truth, Paragraph 53 of the FAC alleged these very facts. The FAC stated



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

exactly how both Amazon and Audible actively concealed material information regarding the enrollment of Amazon Prime customers into Audible's membership:

- Amazon, with whom its customers had a direct relationship, never communicated to Plaintiff or other Class members in any clear and conspicuous manner that they would be enrolled in Audible's membership when they used "credits" on their Amazon account.
- Amazon, with whom its customers had a direct relationship, never provided any clear and conspicuous information to Plaintiff and other Class members about how to cancel the Audible membership.
- The monthly charges for the Audible membership were made on cards and/or bank accounts on file with Amazon. Statements for these cards and/or bank accounts identified only Amazon as the payee and did not indicate that the charges were for Audible's monthly membership fee.
- Audible charged the cards and/or bank accounts on file with Amazon on a monthly basis without providing clear and conspicuous notice of the recurring charge and without obtaining the affirmative consent and agreement from Plaintiff and other Class members prior to charging them.

FAC at ¶ 51.

In addition, Plaintiff alleged that Defendants charged her $14.95 per month starting November 13, 2018 until March 17, 2022 for a total of $598.00. Because Plaintiff's GBL claims are based on improper monthly charges for a membership that Plaintiff did not authorize or use, "the continuing violations doctrine applies and effectively tolls the limitations period until the date of the commission of the last wrongful act." *Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 432 (S.D.N.Y. 2020) (internal quotations omitted). In *Stanley*, the court concluded that each monthly charge on a misleading insurance contract constituted an individual wrongful act so that the limitations period tolled until the last improper charge. Similarly, in *Breitman v. Xerox Educ. Servs., LLC*, 12-CV-6583, 2013 WL 5420532, at *4 (S.D.N.Y. Sept. 27, 2013), the court held that because the most recent allegedly deceptive act—the misapplication of a monthly payment—was well within the statute of limitations, the plaintiff's GBL claim was not time-barred. *See also Nuss v. Sabad*, No. 7:10-cv-0279-LEK-TWD, 2016 WL 4098606, at *11 (N.D.N.Y. July 28, 2016) ("The continuing wrong doctrine has been applied in a broad range of cases in this state, suggesting that this Court should not limit the doctrine to particular causes of action in the absence of such direction from the New



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

York state courts."). Here, Plaintiff's last charge for the unknown and unwanted Audible subscription was on March 17, 2022, well within the statute of limitations.

In sum, Plaintiff's factual allegations, accepted as true with all reasonable inferences drawn in her favor, support Plaintiff's GBL claims, namely: (1) Defendants' actions were consumer oriented (Defendants do not argue otherwise); (2) reasonable consumers can be and were deceived by Defendants' conduct (because Defendants failed to disclose that Amazon Prime members would be enrolled in an Audible monthly subscription by purchasing an audiobook using "credits" they received for being Prime members in lieu of money); and (3) as a result of the deception they were injured (consumers were charged $14.95 per month to the tune of $598 in Plaintiff's case). Plaintiff's GBL claims cannot be dismissed under Rule 12(b)(6).

### C. Plaintiff Plausibly Alleged Causation

Defendants next argue Plaintiff's GBL claims fail because she did not allege that she saw certain statements and therefore did not plead causation. Motion at 10-11. Defendants improperly conflate causation and reliance.

Defendants cite California cases for the proposition that "a plaintiff cannot plead causation of injury by an enrollment process that she alleges never to have been aware of or used." *See* Motion at 11 (citing *Turnier v. Bed Bath & Beyond, Inc.*, 517 F.Supp.3d. 1132, 1140 (S.D. Cal. 2021); *Arnold v. Hearst magazine Media, Inc.*, 2020 WL 3469367, at *7 (S.D Cal. June 25, 2020)). But these cases address California consumer protection statutes that have a reliance requirement. Reliance is ***not*** an element of a GBL 349 or 350 claim. *See Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 676 (N.Y. 2012) ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law §§ 349 and 350 claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim"). As the highest court in New York explained:

> Reliance and causation are twin concepts, but they are not identical. In the context of fraud, they are often intertwined. . . . But there is a difference



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

> between reliance and causation, as illustrated by the facts of this case. Here, Plaintiffs allege that because of defendant's deceptive act, they were forced to pay a $275 fee that they had been led to believe was not required. In other words, plaintiffs allege that defendant's material deception caused them to suffer a $275 loss. This allegation satisfies the causation requirement. Plaintiffs need not additionally allege that they would not otherwise have entered into the transaction. Nothing more is required.

*Stutman v. Chemical Bank*, 731 N.E.2d 608, 612–13 (N.Y. 2000).

Accordingly, courts have repeatedly recognized that to satisfy the causation requirement of GBL claims, "nothing more is required than that a plaintiff suffer a loss because of defendants' deceptive act." *Rodriguez v. It's Just Lunch, Intern.*, 300 F.R.D. 125, 147 (S.D.N.Y. 2014) (internal quotation and edits omitted); *see also Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 267 (E.D.N.Y. 2019) (same). Moreover, where the allegations are of an omission, not an affirmative misrepresentation, a plaintiff need only allege that the omission was material. *See Stutman*, a 731 N.E.2d at 613 n.2 ("the materiality of the omission or misstatement satisfies the causation requirement").

Here, Plaintiff clearly met the burden to allege causation. She alleged:

> 54. Because Defendants failed to adequately disclose to Plaintiff and other Class members that they would be enrolled in Audible's membership by using "credits" on their Amazon account, Plaintiff and other Class members did not take actions to cancel the unknown, unwanted, unauthorized, and unused membership in Audible. If the omitted information had been available to Plaintiff and other Class members, they would have been aware of it and behaved differently, *i.e.*, they would have either 1) not selected to use "credits"; and/or 2) taken steps to cancel the Audible membership before they were charged for it.
>
> 55. As a direct result of Defendants' misleading statements and material omissions, Plaintiff and other Class members were charged monthly fees for Audible's membership they did not know about, did not want, did not authorize, and did not use.

FAC at ¶ 52-53. This is a clear allegation that Plaintiff's injuries were a direct result of Defendants' deceptive acts. Plaintiff pled causation.

### D. Plaintiff's Unjust Enrichment Claim Should Be Allowed as Non-Duplicative

Defendants' sole basis for dismissal of Plaintiff's unjust enrichment claim is that it "is entirely duplicative of her GBL claims and fails for the same reasons." Motion at 11.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Defendants are wrong. Plaintiffs' unjust enrichment claim is not duplicative of her GBL §§ 349 and 350 claims.

First, GBL claims "require proof of an element that is distinct from what is required to prove unjust enrichment." *Acquard v. Big Heart Pet Brands Inc.*, 19-cv-50-JLSm, 2020 WL 12904361, at *7 (W.D.N.Y. Nov. 30, 2020). "[T]o prevail under GBL § 349, a plaintiff must show proof that a defendant's acts are directed to consumers, while a claim for unjust enrichment does not require such a showing." *Id.* (internal edits and quotations omitted).

Second, the measure of recoveries for a violation of GBL §§ 349/350 and for unjust enrichment, respectively, are significantly different. Plaintiff here seeks statutory damages of $50 for Defendants' violation of GBL §349 and $500 for their violation of GBL §350. *See* FAC at ¶¶ 78, 86. In contrast, Plaintiff seeks restitution and disgorgement with respect to her unjust enrichment claim. *Id.* at ¶ 88.

Thus, Plaintiff's unjust enrichment claim is not duplicative of her GBL claims and should be allowed to proceed. *See, e.g.*, *McTyere v. Apple, Inc.*, --F.Supp.3d--, 1:21-cv-01133-LJV, 2023 WL 2585888, at *7 (W.D.N.Y. Mar. 21, 2023) ("At this stage of the case, and absent further guidance from the Second Circuit, this Court declines to dismiss the unjust enrichment claim as duplicative of the General Business Law claims."); *Scholder v. Sioux Honey Ass'n Coop.*, CV 16-5369 (GRB), 2022 WL 125742, at *6 (E.D.N.Y. Jan. 13, 2022) ("[A]lthough the unjust enrichment claim may ultimately be deemed duplicative of [the] plaintiff's other theories of recovery, at this stage of the proceedings, [the] allegations are sufficient."); *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 147 (S.D.N.Y. 2021) (denying motion to dismiss unjust enrichment claim pleaded in the alternative to other theories of liability); *Acquard*, 2020 WL 12904361, at *7 (W.D.N.Y. Nov. 30, 2020) (declining to dismiss the plaintiff's unjust enrichment claim); *Trend & Style Asia HK Co. v. Pac. Worldwide, Inc.*, No. 14-cv9992 SAS, 2015 WL 4190746, at *5 (S.D.N.Y. July 10, 2015) (rejecting defendants' argument that plaintiff's unjust enrichment claim should be dismissed because it is duplicative,



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

because Rule 8(a)(3) "expressly permit[s] plaintiffs to plead in the alternative, and the law is well settled in this regard"); *In re Dig. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 411, n.11 (S.D.N.Y. 2011) ("The Court rejects Defendants' first argument ... that unjust enrichment is disallowed where an adequate remedy at law exists. This argument is premature because Plaintiffs may plead in the alternative.").

### E. Plaintiff Plausibly Alleged Standing to Pursue Injunctive Relief

As alleged in the FAC, "Defendants made it exceedingly difficult for Amazon customers to discover and/or cancel an Audible membership." FAC at ¶ 5. "Many Amazon customers have no idea that Amazon has enrolled them in a paid membership to Audible until they later discovery the monthly charges on their credit card, debit card, or checking accounts stored in their Amazon Wallet." *Id.* at ¶ 17. Moreover, many customers have complained that they have been ***repeatedly*** signed up for Audible services that they did not want. *Id.* at ¶ 20 ("This is the second time this has been done."); *id.* at ¶ 30 ("This is the third time since 2014 that we've caught a subscription started and charged without our knowledge."). *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974) ("Of course, past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury."). Plaintiff has adequately alleged that she and other class members are "realistically threatened by a repetition of" harm again in the future in a similar way. *Miller v. Syracuse University*, --F.Supp.3d--, 5:21-CV-1073 (LEK/TWD), 2023 WL 2572937, at *11 (N.D.N.Y. Mar. 20, 2023) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Plaintiff has met standing's "low threshold." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017); *see also Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 191 F.Supp.3d 1228, 1235 (W.D. Wash. 2016) ("In light of the parties' past interactions, Defendants' professed intent to return to the edge of the injunctive border in the Southern Ocean, and the low threshold for alleging imminent injury, the court denies Plaintiffs' motion to dismiss Defendants' injunctive counterclaims for lack of standing.").



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### F. Rule 15 Mandates that Leave to Replead Should Be Given Freely

If the Court finds that any part of the FAC is insufficient pleaded, Plaintiff respectfully requests that she be allowed to re-plead to address the insufficiency. Rule 15 mandates that courts "should freely give leave" to amend in the early stages of litigation "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For all these reasons, Plaintiff respectfully requests the Court deny Defendants' motion in its entirety.

DATED this 21st day of August, 2023.

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992

**REESE LLP**

Sue J. Nam (pro hac vice pending)
snam@reesellp.com
Michael R. Reese (admitted pro hac vice)
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**

Charles D. Moore (pro hac vice forthcoming)
cmoore@reesellp.com
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

***Attorneys for Plaintiff and the Proposed Class***