THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY MCCARTHY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC. and AUDIBLE, INC.,

Defendants.

Case No.: 2:23-cv-01019-BJR

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND RELATED DEADLINES**

## TABLE OF CONTENTS


| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| A. Defendants Have Satisfied This District's Requirements For A Stay. | 1 |
| B. Plaintiff Cannot Manufacture A Need For Discovery. | 3 |
| CONCLUSION | 5 |

## INTRODUCTION

In opposition to Defendants' motion for a short stay of discovery pending a ruling on Defendants' motion to dismiss, Plaintiff argues that a discovery stay is not automatic. Defendants have never said otherwise; rather, they demonstrated that a stay is warranted because the motion is "potentially dispositive of the entire case" and "can be decided without additional discovery." *Zeiger v. Hotel Cal. by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022). The dismissal motion is based on facial pleading deficiencies that entirely defeat Plaintiff's claims. Notably, she stripped from her First Amended Complaint (Dkt. 19) ("FAC") any facts about how Plaintiff obtained the "credit" that she says triggered her unwitting enrollment in the Audible membership service, and Plaintiff omits any details about what disclosures accompanied that "credit." No discovery is necessary for the Court to consider what is missing from the FAC and determine whether, in light of those omissions, Plaintiff's claims can survive. Supreme Court precedent is clear that a plaintiff cannot skip over Rule 8's pleading requirements by making conclusory allegations that she hopes to substantiate through discovery. A short stay is therefore appropriate to ensure that Plaintiff is held to her pleading burden before she can force Defendants into costly discovery.

## ARGUMENT

### A. Defendants Have Satisfied This District's Requirements For A Stay.

Contrary to Plaintiff's arguments, Defendants have never claimed that a pending motion to dismiss triggers an *automatic* stay of discovery or other deadlines; that is why Defendants filed this motion. Opp. at 1-2, 5. But courts in this District routinely grant stays where a motion to dismiss can dispose of the entire case and can be decided without discovery. *Zeiger*, 2022 WL 1499670, at *2. Plaintiff counters that such stays are reserved for when a pending motion raises threshold procedural or jurisdictional deficiencies. Opp. at 3-4. Not so. Courts also stay discovery where a pending motion challenges the *substantive merits* of a complaint. *See, e.g.*, *Neal v. City of Bainbridge Island*, No. C20-6025RSL, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021) (staying discovery pending motion to dismiss that raised "both procedural and substantive challenges to all of plaintiff's claims"); *White v. Univ. of Wash.*, No. 2:22-cv-01798-TL, 2023 WL


FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

2307572, at *1-2 (W.D. Wash. March 1, 2023) (staying discovery pending a motion to dismiss raising merits issues); *Lloyd v. Fitzwater*, No. C17-5627-BHS-TLF, 2020 WL 1890591, at *1-2 (W.D. Wash. Apr. 15, 2020) (staying discovery pending a motion challenging plaintiff's second amended complaint for failure to state a valid claim for relief); Declaration of Brian D. Buckley ("Buckley Decl."), Ex. 1 (*In Re: Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, Dkt. 55 at 1-2 (W.D. Wash. Dec. 23, 2022) ("*In Re: Amazon*") (staying all discovery-related deadlines pending Amazon's motion to dismiss, which raised substantive pleading deficiencies).

Here, Defendants have met the two requirements for a stay, by establishing that their motion is (i) "potentially dispositive of the entire case," and (ii) "can be decided without additional discovery." *Zeiger*, 2022 WL 1499670, at *2. *First*, Defendants have shown that their dismissal motion is potentially dispositive of the entire case, based on Plaintiff's failure to allege *any* facts about the "credit" she supposedly redeemed on Amazon's website, which then allegedly resulted in Plaintiff's "unknowing" enrollment in an Audible membership. *See* Dkt. 46 at 7-10. Defendants do not ask the Court to "prejudge" their motion to dismiss, but rather to take a preliminary look at the merits, as courts are *required* to do whenever considering a stay motion. *See, e.g.*, *Zeiger*, 2022 WL 1499670, at *2 (explaining that the "two-part test" for a stay "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted.") (citation omitted); *Meta v. Wash. State Emp. Sec. Dep't*, No. 3:22-cv-5054-TLF, 2023 WL 1433749, at *1 (W.D. Wash. Feb. 1, 2023) ("The evaluation of whether to issue a stay of discovery may be characterized as a 'preliminary peek' at the merits . . . .").

When the Court conducts its preliminary review of Defendants' motion it will understand that Plaintiff amended her original complaint to strip from it all detail about how she obtained a "credit" in the first place, and what disclosures accompanied that credit, in an obvious attempt to immunize her omission claims from scrutiny. Dkt. 46 at 3-4, 7-10. Because the FAC lacks factual allegations about the crucial "credit," Defendants likely will succeed in showing that Plaintiff failed to allege necessary elements of her claims, including an actionable omission or misrepresentation, and causation of injury. *Id.* at 5-11. Indeed, the FAC does not identify any representation by Defendants about the "credit" or any disclosures by Defendants that allegedly


FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

omitted material information. The failure to identify *what* conduct caused injury is also fatal to pleading causation. *Id.* at 10-11. In sum, Plaintiff's omission of key facts raises serious pleading deficiencies that are "potentially dispositive" of Plaintiff's claims. As such, Defendants have met the first requirement of the applicable two-part test.

*Second*, Defendants have established that their motion to dismiss can be decided by reference to the FAC and the parties' submissions, without any discovery. Indeed, Defendants do not raise any factual issues, but only ask the Court to consider Plaintiff's failure to allege essential elements of her claims. Plaintiff misconstrues Defendants' position by saying that "the parties dispute *the nature* of the 'credits,' the enrollment process, and Defendants' disclosures." Opp. at 4-5 (emphasis added). Defendants are not factually "disputing" anything at this stage; they are challenging Plaintiff's failure to plead any facts to support fundamental elements of her claims. Moreover, the FAC relies on a screenshot where a customer is redeeming *Audible* credits in that customer's account, which shows that the customer is *already enrolled* in Audible (or they would not have Audible credits to redeem). Dkt. 46 at 7-8 (citing FAC ¶ 38). This makes Plaintiffs' failure to address how she got the credit in the first place, and what disclosures accompanied that transaction, all the more conspicuous. These omissions are quintessential pleading issues, which the Court can resolve without the aid of discovery. Thus, this case meets both requirements for a stay of discovery.

**B. Plaintiff Cannot Manufacture A Need For Discovery.**

Plaintiff contends that she is entitled to discovery because it will "inform" her deficient allegations about her purported "credit" redemption. Opp. at 4. But that argument subverts the purpose and requirements of Rule 12(b)(6). Ninth Circuit "case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations *to advance to discovery*." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (emphasis added); *see also* Buckley Decl., Ex. 1 (*In Re: Amazon*) at 2 (same). And the Supreme Court has warned plaintiffs that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Likewise, "[i]t is no answer to say that a claim just shy of a plausible

entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Here, Plaintiff does not seriously dispute that she has provided no information about the origin of her "credit" or any disclosures that accompanied it. Opp. at 4. Instead, to open the doors of discovery, she rests entirely on her conclusory allegation that Defendants "did not clearly and conspicuously inform her" about the "credit." *Id.*

Stays of discovery exist precisely for circumstances like these, *i.e.*, to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery" that is unwarranted by conclusory allegations like Plaintiff's. *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020). Plaintiff points to two inapposite cases against Amazon where courts denied a stay of discovery. Opp. at 2-4 (citing *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835 (W.D. Wash. Mar. 6, 2020), and *Dorian v. Amazon Web Service, Inc.*, No. 2:22-cv-00269, 2022 WL 3155369 (W.D. Wash Aug. 8, 2022)). Those cases do not apply here. *Dorian* concerned alleged violations of the Illinois Biometric Information Privacy Act. The court held that it could not stay discovery because, unlike here, the issues raised in the pending motion to dismiss required discovery to support "fact-based analyses" related to the extraterritoriality doctrine, such as whether "the alleged violations occurred primarily and substantially in Illinois." 2022 WL 3155369 at *2. *Edmonds* related to violations of the overtime provisions of the Fair Labor Standards Act. The *Edmonds* court did not find that the motion to dismiss would dispose of the entire case, holding that the success of Amazon's motion was at best "speculati[ve]." 2020 WL 8996835 at *2. Here, by contrast, Defendants' motion is predicated on Plaintiff's glaring omission of key facts from her pleading (including facts contained in her original pleading). There are no factual issues implicated by Defendants' dismissal arguments.

Plaintiff also ignores precedent, from this District and elsewhere, where courts granted stays of discovery in Amazon's favor to allow time to consider Amazon's dismissal arguments. *See, e.g.*, Buckley Decl., Ex. 1 (*In Re: Amazon*); *Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372, at *1-2 (N.D. Cal. Nov. 1, 2022). In *Heck*—where Plaintiff's primary counsel also represent the plaintiff—the court granted a stay after finding that the "[p]laintiff d[id]

not meaningfully engage with the substance of Defendants' arguments regarding the deficiency of the allegations in the complaint." 2022 WL 16579372 at *2. That applies with equal force here, where Plaintiff completely fails to address her omission of facts about the mystery "credit" that allegedly sparked this whole dispute. Until the Court can thoroughly consider and rule on Defendants' motion, Plaintiff should not be permitted to proceed with burdensome discovery based on legally anemic claims.

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in their opening brief, Defendants respectfully request that the Court stay discovery, any Rule 16 conference, and the deadlines the Court set on August 7, 2023 (Dkt. 51), until the Court has ruled on Defendants' pending motion to dismiss.

Dated: September 1, 2023 Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Molly Melcher (*pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mmelcher@fenwick.com

Charles E. Moulins (*pro hac vice*)
cmoulins@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: 415.875.2300
Facsimile: 650.938.5200
Email: cmoulins@fenwick.com

Esther D. Galan (*pro hac vice*)
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310.554.5400
Email: egalan@fenwick.com

*Attorneys for Defendants Amazon.com, Inc. and Audible, Inc.*

**LCR 7(E) AND 7(G) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rules 7(e) and 7(g), I certify that this memorandum contains 1,710 words.

Dated: September 1, 2023

FENWICK & WEST LLP

By: *<u>/s/ Brian D. Buckley</u>*
Brian D. Buckley, WSBA No. 26423