The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| TRACY MCCARTHY, individually and on behalf of all others similarly situated, | NO. 23-cv-1019 |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. |  |
| AMAZON.COM, INC., *et al.*, |  |
| Defendants. |  |

## I.      INTRODUCTION

Plaintiff Tracy McCarthy brought this putative class action against Defendants Amazon.com, Inc. and its wholly-owned subsidiary, Audible, Inc., asserting claims of deceptive practices, false advertising, and unjust enrichment.  First. Am. Compl. ¶¶ 72-88, ECF No. 19.  Ms. McCarthy alleges that she was a member of Amazon's Prime service and, without her consent, she became enrolled in Audible's service when she completed a transaction on Amazon's website.  *Id.* ¶¶ 36-40. Ms. McCarthy commenced this lawsuit in the Eastern District of New York in 2022, and the case was transferred to this Court in July 2023.  ECF No. 32. Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 46. Having

1    reviewed the parties' filings,[1] and the relevant legal authorities, the Court GRANTS the motion.

2    The reasoning for the Court's decision follows.

3                                    **II.    BACKGROUND**

4            In 2011, Tracy McCarthy purchased an Amazon Prime membership on an annual basis for

5    her personal use and provided a default payment method in her "Wallet," which allows Amazon to

6    charge that payment method for any purchases she makes while a Prime member.  First Am. Compl.

7    ¶¶ 14-15, 36.  Ms. McCarthy alleges that Amazon promotes its Audible services on its various

8    platforms and targets Prime members for enrollment in a subscription to Audible. *Id.* ¶ 16.  She

9    alleges that in its promotion of "Free Titles at Audible," Amazon stated: "Prime members are

10   invited to start an Audible Premium Plus trial with 2 credits that can be used on any titles." *Id.* ¶ 3.[2]

11   Ms. McCarthy alleges that in 2018, she attempted to purchase a book on Amazon and was offered

12   an "Audiobook" version using her "credits" as payment.  *Id.* ¶ 37.  She was not charged for the

13   audio version of the book, but she alleges that she did not realize that by using her "credits," she

14   would be automatically enrolled in a membership to Audible. *Id.* Although Ms. McCarthy did not

15   capture her online experience at the time, she included a screen capture that she alleges is

16   substantially similar to what she saw when she purchased the audiobook.  *Id.* ¶ 38. The screen

17   capture shows a clickable Audible "Conditions of Use" to which the buyer is agreeing by redeeming

18   an Audible Credit, but Ms. McCarthy alleges that she did not notice or read it. *Id.* ¶¶ 38-39.

19           Ms. McCarthy alleges that Amazon provided her information to Audible, she was enrolled

20   in a "free" trial membership, and after the 30-day trial period ended, she was charged $14.95 per

21

22   _____

     [1] ECF Nos. 46, 53, 58, and Plaintiff's First Amended Complaint, ECF No. 19.

23   [2] In her original complaint, Ms. McCarthy alleges that Amazon promotes its Audible services on its website as "free,"
     but actually charges a monthly, recurring fee.  Compl. ¶¶ 3, 5, 16, 43, 50-51, ECF No. 1.

24   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

25    - 2

month for every month from November 2018 until March 2022, when she cancelled the Audible membership. *Id.* ¶¶ 40-41, 44.  The charges, totaling $598, were charged to her Amazon default credit card, but Ms. McCarthy alleges that she was not given clear notice and was unaware that she was being charged monthly for the Audible membership, which she never used. *Id.* ¶¶ 41-45.  Ms. McCarthy asserts that the credit card charges for the Audible membership identify only Amazon as the payee, which is misleading, and because she never affirmatively consented to a monthly membership fee, she did not know she was required to take steps to cancel the Audible membership. *Id.* ¶¶ 51-52.

Ms. McCarthy filed this lawsuit in April 2022 in the Eastern District of New York, alleging violations of the New York General Business Law ("GBL") Sections 349 and 350. Compl., ECF No. 1.  The parties participated in a pre-motion conference to discuss Defendants' planned motion to dismiss, and Ms. McCarthy was given an opportunity to amend her complaint in response to the identified deficiencies if the parties could not reach settlement at a mediation conference.  *See* ECF Nos. 10, 46-4 (transcript).  After Ms. McCarthy's amended complaint was filed in March 2023, the parties stipulated to a transfer of the case to this Court.  ECF Nos. 31-32.  In her amended complaint, Ms. McCarthy pleads three causes of action:

- First Cause of Action – Violation of GBL § 349 (deceptive acts or practices)
- Second Cause of Action – Violation of GBL § 350 (false advertising)
- Third Cause of Action – Unjust Enrichment

Defendants' pending motion seeks to dismiss the amended complaint with prejudice, arguing that Ms. McCarthy fails to state a plausible claim, her GBL claims are time-barred, her

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

- 3

1  newly pleaded unjust enrichment claim is duplicative, and she lacks standing to seek injunctive

2  relief. Mot., ECF No. 46.

3  ### III.    LEGAL STANDARD

4      A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if

5  the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief

6  that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

7  *v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the

8  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

9  "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by

10 lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831

11 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts

12 must accept the factual allegations in the complaint as true and construe such allegations in the

13 light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87

14 (9th Cir. 2018). But a court is not required to accept legal conclusions couched as facts,

15 unwarranted deductions, or unreasonable inferences. *See Papasan v. Allain*, 478 U.S. 265, 286

16 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended*

17 *on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

18     While a court generally does not consider any material beyond the pleadings in ruling on a

19 Rule 12(b)(6) motion to dismiss, there are certain exceptions.  The Court is limited to reviewing

20 materials that are submitted with, and attached to, the complaint; matters appropriate for judicial

21 notice; and unattached evidence on which the complaint "necessarily relies," provided the

22 authenticity of the document is not questioned. *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue*

23 *Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020); *see also Amazon.com Servs. LLC v.*

24 ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

25  - 4

1   *Paradigm Clinical Research Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) ("The purpose

2   of this rule is to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

3   documents upon which their claims are based.'" (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763

4   (9th Cir. 2007))).[3] If such exhibits conflict with allegations in the complaint, the Court need not

5   accept those allegations as true. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d

6   1112, 1115 (9th Cir. 2014) (citing cases).

## IV.   DISCUSSION

### A.   Plaintiff's GBL Claims are Time-barred

9   Claims alleging violations of GBL §§ 349 and 350 are governed by a three-year statute of

10   limitations. *See, e.g.*, *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452-53

11   (E.D.N.Y. 2007).  The cause of action accrues "upon injury by the deceptive act or practice, i.e.,

12   'when all of the factual circumstances necessary to establish a right of action have occurred, so that

13   the plaintiff would be entitled to relief.'" *Id.* at 253 (quoting *Gaidon v. Guardian Life Ins. Co. of*

14   *Am.*, 750 N.E.2d 1078, 1083, (N.Y. 2001).  Ms. McCarthy alleges that the statute of limitations was

15   equitably tolled by Defendants' fraudulent concealment of the facts giving rise to her claim. Opp'n

16   7-8, ECF No. 53; First Am. Compl. ¶¶ 58-60.  She also argues that the continuing violations doctrine

17   applies. Opp'n 8.

18   To plead tolling of a statute of limitation because of fraudulent concealment, a plaintiff must

19   show: "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing;

---

21   [3] Defendants attached to their motion two exhibits that describe Amazon's Prime membership benefits. Exs. 2, 3, ECF
     Nos. 46-2, 46-3.  Plaintiff's complaint either references or necessarily relies upon these documents, and she does not

22   dispute their authenticity nor object to the Court's consideration of the documents.  The Court notes, however, that its
     consideration of the documents is limited by the principle that it may not draw inferences or take notice of facts that

23   might reasonably be disputed on the basis of those documents. *United States v. Corinthian Colls.*, 655 F.3d 984, 999
     (9th Cir. 2011).

24   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

25   - 5

(2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 361 (E.D.N.Y. 2022) (quoting *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012)).  Ms. McCarthy has failed to plead the necessary "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Id.* (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).  Although Ms. McCarthy pleads that Amazon "tricked" her into paying for an unwanted membership, she does not plead facts to show that Defendants wrongfully concealed the monthly charges for Audible, only that the charge appeared on her monthly statement as an "Amazon" charge.  *See* First. Am. Compl. ¶¶ 4, 18, 51. Nor does Ms. McCarthy plead that she made any effort to determine the source of the monthly charges.  "Equitable tolling does not apply '[i]f a plaintiff is on notice of potential wrongdoing but takes no steps to investigate further.'" *DuBuisson v. Nat'l Union Fire Ins. of Pittsburgh, P.A.*, 15 CIV. 2259 (PGG), 2021 WL 3141672, at *11 (S.D.N.Y. July 26, 2021) (citing cases).

Ms. McCarthy also argues that the continuing violations doctrine tolled the limitations period.  The continuing violations doctrine, also known as the continuing wrong doctrine, tolls a limitations period up to the date of the commission of the last wrongful act, which Ms. McCarthy alleges was the last monthly charge in March 2022.  "New York courts have explained that tolling based on the doctrine 'may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct[.]'" *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 122 (2d Cir. 2020) (quoting *Salomon v. Town of Wallkill*, 174 A.D.3d 720, 107 N.Y.S.3d 420, 422 (N.Y. 2d Dep't 2019)).  Here, the monthly charges do not have a tolling effect because the charges reflect the continuing effects of the alleged unlawful conduct—being tricked into enrolling in the Audible

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

service. *See, e.g.*, *DuBuisson*, 2021 WL 3141672, at *7-9 (finding that the alleged wrong occurred only on the initial sale through misleading advertising but that defendants did not take new action each time premiums were paid); *Pike v. New York Life Insurance Co.*, 72 A.D.3d 1043 (N.Y. 2d Dep't 2010) ("[A]ny wrong accrued at the time of purchase of the policies, not at the time of payment of each premium[.]"); *Henry v. Bank of Am.*, 147 A.D.3d 599, 602, 48 N.Y.S.3d 67, 70 (N.Y. App. Div. 2017) (continuing wrong doctrine not applicable to the fraud, GBL, and other claims where plaintiff alleged that he was improperly enrolled in credit programs and then charged monthly program fees; "the alleged wrongs [were] the enrollment of plaintiff in the . . . programs," and the monthly fees "represent[ed] the consequences of those wrongful acts in the form of continuing damages, not the wrongs themselves.").

Ms. McCarthy alleges that the wrongful act occurred "on or about October 13, 2018," and the monthly charges started "on November 13, 2018 and continuing every month thereafter." First. Am. Compl. ¶¶ 37, 41. She did not file her complaint until April 26, 2022, which was more than three years and six months later. Therefore, Ms. McCarthy's GBL claims are barred by the three-year statute of limitations and will be dismissed with prejudice.

## B. Plaintiff Fails to State a Plausible Claim

Defendants contend that Ms. McCarthy fails to allege a misleading statement or practice, which not only defeats her GBL claims, but also her unjust enrichment claim. Mot. 9, 13. To state a plausible claim under either GBL § 349 or § 350, Ms. McCarthy must allege: "[i] that the defendant . . . engaged in consumer-oriented conduct; [ii] that the conduct was materially misleading; and [iii] that the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (quoting *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 292 (S.D.N.Y. 2015)). "Where a deceptive

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

trade practices claim fails for failure to allege deception, an unjust enrichment claim fails, too." *Id.* at 587.

"'[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial' and, 'under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception.'" *Chung v. Igloo Products Corp.*, 20-CV-4926 (MKB), 2022 WL 2657350, at *8 (E.D.N.Y. July 8, 2022) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)). Here, Ms. McCarthy alleges that she was deceived by Amazon's provision of "credits" as a so-called "benefit." First Am. Compl. ¶¶ 3-4. Specifically, "[o]ne of the 'benefits' that Amazon touted as included in a Prime membership was 'Free Titles at Audible.' Amazon stated: 'Prime members are invited to start an Audible Premium Plus trial with 2 credits that can be used on any title.'" *Id.* ¶ 3. According to her complaint, this is exactly what Ms. McCarthy experienced. She used her "credit" to purchase an audiobook, and she was charged $0.00. *Id.* ¶ 37. Furthermore, she provides a representative screen capture showing that by using the Audible credit she was agreeing to the Audible "Conditions of Use," although she admits to not noticing or reading the conditions. *Id.* ¶¶ 38-39. She adds that she was enrolled in a "free" trial membership, which lasted 30 days. *Id.* ¶¶ 40-41.

In sum, Ms. McCarthy alleges that Amazon "touted" free titles and an invitation to start an Audible trial membership, and she received a free title[4] and a trial membership—exactly as "touted." Therefore, she fails to allege deception in Amazon's promotional language. She complains that she was not adequately informed regarding the details of the membership, but she

---

[4] Her example purchase shows that her credit provided her with a book for $0.00 rather than paying $17.14. First Am. Compl. ¶¶ 38, 48. Her example also shows that she had two credits, which is consistent with the promotional language, although she does not allege redeeming a second credit.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

- 8

admits that she did not read the conditions.  Ms. McCarthy's arguments are unpersuasive, and her allegations are insufficient to establish deception in Amazon's promotional material or during the purchase transaction.

Accordingly, Ms. McCarthy fails to plead a plausible deceptive practice or false advertising claim, which also results in a failure to plead an unjust enrichment claim. Because the GBL claims are time-barred, and the amended complaint has failed to address the pleading insufficiencies in the original complaint, Ms. McCarthy's amended complaint will be dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 46.   The First Amended Complaint, ECF No. 19, is DISMISSED WITH PREJUDICE.

DATED this 7th day of September 2023.


Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

- 9